UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FRANCISCO AMEZCUA-PICAZO,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>PATRICK GLEBE.<br><br>　　　　　Respondent. | CASE NO. C13-5580 RJB-JRC<br><br>ORDER |

　　　The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner seeks relief from a state conviction. Petitioner filed the petition pursuant to 28 U.S.C. § 2254.

　　　This matter is before the Court on petitioner's motion for appointment of counsel (Dkt. 20). The motion is denied because the matter is ripe for review and the Court has not determined that an evidentiary hearing is needed or that appointment of counsel is required. Contrary to petitioner's assertions, he had no constitutionally protected liberty interest in counsel being appointed at this level of review.

In his motion petitioner cites to two Supreme Court cases that discuss equitable reasons for excusing procedural default. *Martinez v. Ryan,* ___ U.S. ___ 132, S. Ct. 1309, 182 L. Ed. 2d. 272 (2012); and *Trevino v. Thaler*, ___ U.S. ___, 133 S. Ct. 1911, ___ L. Ed. 2d. ___ (2013). The cases that petitioner is relying on do not discuss a right to counsel in federal habeas corpus proceedings. Further, the cases arise out of states where a defendant either: 1) cannot raise an ineffective assistance of counsel claim on direct appeal and must wait until an initial collateral review to raise that issue or: 2) where state procedures make it "virtually impossible" for appellate counsel to raise an ineffective assistance of counsel claim. *Martinez,* __ U.S. ___ 132 S. Ct. at 1318; *Trevino*, 133 S. Ct. at 1918. Petitioner fails to show that these cases or his argument is applicable to Washington State or this proceeding.

Plaintiff argues that he has a state created right to counsel on initial collateral review, however, that issue is irrelevant to appointment of counsel in these proceedings at this level. There is no right to have counsel appointed in cases brought pursuant to 28 U.S.C. § 2254 unless an evidentiary hearing is required, because the action is civil, not criminal, in nature. *Brown v. Vasquez*, 952 F.2d 1164, 1168 (9th Cir. 1991) (*citing McCleskey v. Zant*, 499 U.S. 467, 495 (1991)); *see Ortiz v. Stewart*, 149 F.3d 923, 939 (9th Cir. 1998) ("There is simply no constitutional right to an attorney in a state post-conviction proceeding."); *see also Terrovona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988).

The Court has not ordered an evidentiary hearing in this case and petitioner's motion for appointment of counsel is denied.

Dated this 8th day of April, 2014.

J. Richard Creatura
United States Magistrate Judge